LEBOWITZ v. BURDEN et al.

(Supreme Court, Appellate Term, Second Department. March, 1912.)

ASSIGNMENTS (§ 97*)—PURCHASE OF ACCOUNTS—DISPUTED ACCOUNTS.

A sale of accounts, with an express stipulation that their collectibility was not guaranteed, could, in the absence of fraud or bad faith, include disputed accounts.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 172–175; Dec. Dig. § 97.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Louis Lebowitz against Peter Burden and another. From a judgment dismissing the complaint upon the merits, after a trial by the court without a jury, plaintiff appeals. Affirmed.

Argued March term, 1912, before GARRETSON, STAPLETON, and KAPPER, JJ.

Louis J. Moss, of Brooklyn, for appellant.

Charles J. Carroll, of Brooklyn, for respondents.

STAPLETON, J. This is an action on the part of the plaintiff to recover back money which he paid and advanced to the defendants, and for which he claims he received nothing. On the 16th day of November, 1910, the plaintiff purchased from the defendants, a going manufacturing establishment, its equipment, and accounts receivable. The transfer was evidenced by a bill of sale in writing. That instrument contains the following stipulation upon the part of the defendants:

"The party of the first part also stipulates with the party of the second part that there is outstanding, in favor of the party of the first part. accounts receivable to the amount of over $2,000, which are specifically transferred by this bill of sale. And the party of the first part does hereby authorize the party of the second part to collect the said outstanding accounts, and in our name, or in our firm name, to give receipts therefor, and to indorse any checks made to the party of the second part in payment thereof. The party of the first part, however, does not guarantee the collection of said accounts receivable."

It is conceded that all of the accounts receivable thus specifically assigned were collected, except four accounts, aggregating $497.50, the constituent items of which are: Central Chandelier Company, $79.50; R. C. Heather Company, $178.60; Wahle, Phillips & Co., $83.20; Marshall Field & Co., $156.20.

The plaintiff called the shipping clerk of the Central Chandelier Company, who did not by competent evidence cogently sustain the claim of the plaintiff that the goods for which the bill was rendered were not delivered to the Central Chandelier Company.

The plaintiff called the vice president of the R. C. Heather Company, who testified that the goods for which the bill was rendered to that company were delivered on consignment, under an agreement that that company might retain them or return them within 365 days, as it elected. A representative of plaintiff's assignor, with whom the Heather Company had its transaction, testified that there was an actual sale and delivery of the goods, and that the time fixed for payment was 365 days. These were the only witnesses called to reveal that transaction, and the trial justice accepted the version of the defendants' witness.

The plaintiff called the purchasing agent of Marshall Field & Co., who claimed that there was an overshipment made, and that the goods which were delivered on October 29, 1910, were returned on February 7, 1911.

The plaintiff called the secretary of Wahle, Phillips & Co., who testified that the goods which were delivered on October 5, 1910,

were returned on the 28th day of December, 1910, and that his concern was not able to finish them, because they were not made correctly.

The son of the defendant Burden was the only witness called by the defendants who undertook to give evidence in relation to the transactions with the four concerns denominated, and he gave evidence that no complaint had been made by either Marshall Field & Co. or Wahle, Phillips & Co. until after the establishment was in the control of the plaintiff.

Upon this conflicting evidence, the trial court gave judgment for the defendants upon the merits, and we may well rest our determination to affirm this judgment upon the correct disposition of the case by the court below upon the facts.

The plaintiff earnestly asserts, however, that the determination of the facts was reached under a misapprehension of the law properly applicable to the case. We do not agree with that contention of the learned counsel for the plaintiff, and satisfactory reasons for our conclusion may be found in the opinion read in Eaton v. Mellus & Another, 73 Mass. (7 Gray.) 566, 572, 573. See, also, Sanders v. Aldrich, 25 Barb. 63, 69.

Judgment affirmed, with costs.

KAPPER, J. I place my concurrence in this affirmance upon the ground that where a person sells accounts to another, with the express stipulation that their collectibility is not guaranteed, such sale, in the absence of fraud or bad faith, may properly include disputed accounts.

GARRETSON, J., concurs with KAPPER, J.